The opinion of the Court was delivered by
Mr. Justice Cheves.
The ground on which I refused to strike out the name of McNair at the trial, was, that evidence had been given, which, whether sufficient to authorize a conviction or not, ought to go to the Jury. There was certainly evidence bearing directly on the issue. If the Jury had found the defendant guilty, I should have been satisfied with the verdict. I think, therefore, the refusal to strike out M-Mairs name was correct, on this ground; if it be a correct ground on which to put the question. But I am of opinion it is not. I know such motions have been frequently made and granted by the Court; but Í think such a motion could only be legally granted by consent of the Attorney for the State, and by considering it as equivalent to a motion on his part for leave to enter a noli prosequi as to the particular defendant. If the Court has any power over such a case, it is probably by advising the Jury to find a verdict of acquittal as to such defendant.
*174 1 think, too, the evidence which was offered to ^ ’ ’ impeach the credibility of the prosecutor’s testimony was properly rejected. The books point out kut iwo modes of impeaching the credibility of a witness by testimony; 1st, By showing his general character for veracity to be bad; and, 2d, By showing that he has at other times made declarations on the same subject contrary to what he swrears at the trial. (Peake, 126. Phillips, 212.) But a witness cannot be examined to matters irrelevant to the issue, for the purpose of contradicting his testimony on these matters, and thereby impeaching his testimony. (Phillips, 210.) Nor am I aware of any authority which authorizes the reception of particular facts irrelevant to the issue, though they may be calculated to afford an inference of malice in the witness, towards the party against whom he is called. A witness is not expected to be prepared to do more than support his general character for truth, and his consistency as to the particular facts to which he deposes. The testimony rejected had no relation to the general character of the witness, and was irrelevant to the issue, and therefore inadmissible. I am consequently of opinion a new trial ought not to be granted.
Bay, Mott, Colcock, and Gantt, J. concurred.